WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Kerr-Clemens,<br><br>                    Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, a political entity, the University of Arizona, Rosi Andrade, in her official capacity as Project of the Mujer Sana Project, and the Haven, an Arizona Corporation,<br><br>                    Defendants. | CV 05-642 TUC DCB<br><br>**ORDER** |

Plaintiff seeks leave, and is granted leave, to file a Second Amended Complaint.

Plaintiff filed this Complaint on October 27, 2005. Defendants answered in March, 2006. On May 2, 2006, the parties stipulated to Plaintiff's amending her Complaint to add claims under the American with Disability Act (ADA) because the Equal Employment Opportunity Commission (EEOC) had issued a right-to-sue notice on the ADA claims subsequent to Plaintiff's filing her Complaint. The First Amended Complaint was filed on May 11, 2006. Amended Answers were filed by Defendants.

A scheduling conference was held on June 15, 2006, and case management deadlines were set in the case for discovery to close on April 16, 2007, dispositive motions to be filed on May 16, 2007, and the due date for the pretrial order was set for June 18, 2007. On December 5, 2006, the parties stipulated to an extension of deadlines because the organization representing Plaintiff, Arizona Center for Disability Law, had assigned a new attorney to the case, and he needed time to familiarize himself with it. The deadlines were reset for discovery to close on May 31, 2007, and dispositive motions to be filed on  June 30,

2007.  The due date for the pretrial order was inadvertently not reset.  It remains June 18, 2007, except that it is subject to being vacated upon the filing of a dispositive motion.

On January 1, 2007, the Plaintiff filed a Motion for Leave to Amend First Amended Complaint.  Plaintiff seeks to add a claim of constructive discharge retaliation under the ADA.  Defendants object.  Defendants challenge the amendment as futile because it is subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).  Defendants submit that Plaintiff failed to administratively exhaust this claim with the EEOC because her EEOC claims charged she was terminated, and she never asserted she had been constructively discharged or felt compelled to resign.  According to the Defendants, Plaintiff at all times has asserted she was involuntarily terminated.  Defendants argue that claims of "involuntary termination" and "constructive discharge" are legally and factually distinct, and she could not have been both terminated involuntarily and forced to resign.

Defendants support their argument as follows:

> Plaintiff was required to assert specifically that she had been constructively discharged in her EEOC Charge because that claim is distinct and not "reasonably related" to her claim of wrongful termination that she had been involuntarily fired. *Oubichon v. North American Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir. 1973); *Gaston v. New York City Dept. of Health Office of Chief Medical Examiner,* 432 F.Supp.2d 321, 328 (S.D.N.Y. 2006) (stating constructive discharge is a discrete act that must be alleged before the EEOC); *Butler v. Potter,* 345 F.Supp. 2d 844, 9853 (E.D. Tenn. 2004) (stating constructive discharge is a "discrete" act, which must be the subject of a timely administrative complaint); *Snyder v. Saberliner Corp.,* 101 F.Supp. 2d 1239, 1248-49 (E.D. Mo. 1999) (dismissing claim where an EEOC charge contains no claim of constructive discharge, and stating court may not invent an unasserted claim). Plaintiff's failure to allege any facts in her multiple Charges to support a claim of constructive discharge under Title I of the ADA deprives the Court of subject matter jurisdiction to hear the claim.

(Objection at 4-5.)

The Court has reviewed the EEOC claims.  She asserts that on September 29, 2004 accommodations were removed by Sharon Lashinger, Interim Director of The Haven and Rosi Andrade, Project Director of Mujer Sana.  She was terminated the same day.  On January 6, 2005, she met with Sharon Lashinger and Diane Katz, President of the Board

2

of Directors of The Haven, to discuss possible accommodations that would allow her to return to her job.  All were refused, and she was not permitted to return to work. On September 26, 2006, when she applied for renewal of her behavioral health license, she described herself as having been unlawfully terminated.  (Objections at Ex. A-B.)

The Court has compared the First and Second Amended Complaint.  The facts are the same.  Plaintiff alleges that she began working for The Haven in 1992.  In 2002, The Haven sent Plaintiff to Mujer Sana Project[1] as a treatment specialist.  In 2003, Plaintiff was diagnosed with Multiple Sclerosis, which resulted in visual impairment, mobility impairment, and fine motor skill impairment.  From approximately May, 2003, she was unable to drive or see print that was less than sixteen point font.  She has used a wheelchair for mobility since March, 2004.

Since May 2003, she required accommodations, which were granted by Defendants, as follows: Plaintiff's husband performed data entry duties and acted as a driver for Plaintiff and her clients.  In August 2004, Plaintiff went to the Disability Resources Center at the University of Arizona to explore assistive technology that would accommodate her eyesight impairment and, subsequently, requested such technology as an accommodation for her eyesight impairment.  On September 29, 2004, Defendants revoked the existing reasonable accommodations, did not suggest alternative accommodations, and requested her resignation.  She refused to resign and Defendants "conveyed that Plaintiff was terminated from her position."  (First Amended Complaint at ¶ 36.)  On October 4, 2004, Plaintiff filed a charge of disability discrimination with the EEOC.  Subsequently, she was asked to meet with Defendants on October 28, 2004, when she was told that she had not been terminated on September 29, 2004, but that her disability would not be accommodated and she was "being terminated from both The

---

[1]The project was financed by a federal grant through the University of Arizona.

1  Haven and Mujer Sana." She filed another EEOC claim. Another meeting was held on
2  January 6, 2005, but reasonable accommodations needed by the Plaintiff were refused.

3  The difference between the First and Second Amended Complaints is as follows.
4  In the First, the Plaintiff charges that the Defendants discriminated against Plaintiff on the
5  basis of disability . . . by refusing to participate in the accommodation process, failing to
6  accommodate Plaintiff, terminating Plaintiff, retaliating against her for engaging in
7  protected activity, and interfering with her in the exercise and enjoyment of her rights . .
8  .." The Second Amended Complaint adds: ". . . terminating Plaintiff (including, but not
9  limited to, constructively discharging her), . . .."

10  The Court finds that Plaintiff's prior description of her claim as "involuntary
11  termination" fits within the "constructive discharge" language she seeks to add in the
12  Second Amended Complaint. "Constructive discharge" may be a more legally accurate
13  description of Plaintiff's claim, depending on the facts of the case. Plaintiff's meaning of
14  "involuntary termination" should be clear to the Defendants because they know whether
15  or not they fired the Plaintiff or she quit. This distinction determines whether or not her
16  claim is for constructive discharge or wrongful termination. Apparently, the parties are
17  not in agreement as to whether the Defendants terminated her employment or she was
18  forced to quit. The facts alleged in the complaints could support either, depending on
19  other facts not yet in the record.

20  Defendants do not object to Plaintiff's description of her claim as "involuntary
21  termination." The Court rejects Defendant's argument that "involuntary termination" is
22  legally and factually distinct from a claim of constructive discharge in the context of the
23  facts alleged in this case. The Court finds that the claim is "reasonably related" to her
24  EEOC claim of wrongful termination that she had been involuntarily fired. Plaintiff has
25  alleged facts to support a claim of constructive discharge under Title I of the ADA. This
26  /////

27

28

1    Court has subject matter jurisdiction to hear the claim.  The Court rejects Defendants'

2    objections to the filing of the Second Amended Complaint.

3          **Accordingly,**

4          **IT IS ORDERED** that the Plaintiff's Motion for Leave to File the Second

5    Amended Complaint (document 92) is GRANTED.

6          **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the lodged

7    Second Amended Complaint.

8          DATED this 7th day of February, 2007.

David C. Bury
United States District Judge